Colin M. Thompson, Esq.
The Law Offices of Colin M. Thompson
J.E. Tenorio Building
PMB 917, Box 10001
Saipan, Mariana Islands 96950
Telephone: (670) 233-0777
Facsimile: (670) 233-0776

F I L E D
Clerk
District Court

JUL 2 8 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

*Attorney for Century Insurance Company Ltd.*
*and Hongkong Entertainment (Overseas) Investment Ltd.*

IN THE DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ELENITA S. SANTOS and ANGEL SANTOS ) <br><br> Plaintiff, ) <br><br> vs. ) <br><br> HONGKONG ENTERTAINMENT (OVERSEAS) INVESTMENT LTD .dba, TINIAN DYNASTY HOTEL & CASINO and CENTURY INSURANCE CO., LTD. ) <br><br> Defendants. ) | Civil Action No. 04-0030 <br><br> DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT <br><br> Date  : August 11, 2005 <br> Time  : 8:00 a.m. <br> Judge : Tashima, Sr. Circuit Judge |

COMES NOW, Century Insurance Co., LTd and Hongkong Entertinment (Overseas) Investment Limited by through counsel Colin M. Thompson to oppose Plaintiffs' Motion for Partial Summary Judgment.

I.
**INTRODUCTION**

By her motion for Partial Summary Judgment, Mrs. Santos hopes to establish liability and obtain an order that "she is due Judgment as matter of law". Motion for Partial Summary Judgment (Motion) Page 1, lines 25-26. Plaintiff goes on to say that "[t]he lack of handrail caused Mrs. Santos

1

to fall and she is now permanently injured". Motion at Page 1, lines 27-28. Defendants do not dispute that Mrs. Santos fell on a stairway at Tinian Dynasty, that she was injured and that the stairway had no handrails. However, as a matter of law, these undisputed facts do not lead to the conclusion that Plaintiff is entitled to Judgment. Not only are there disputed issues about whether Tinian Dynasty met or breached the standard of care due Mrs. Santos, there are disputed issues as to the proximate cause of Mrs. Santos injuries.[1] Based on the limited facts available at this time, Summary Judgment should not be granted.

The Plaintiff's motion is premature. At this stage in the litigation, Defendants have yet to respond to the Second Amended Complaint.[2] No depositions have taken place.[3] Expert Disclosures have not yet occurred. In sum, a sufficient factual record has yet to be developed and summary Judgment at this stage would unfairly prejudice Defendants. Accordingly, Defendants seek dismissal of Plaintiff's motion or, in the alternative, a continuance, pursuant to Federal Rules of Civil Procedure Rule 56(f).

Finally, the limited evidence presented by the Plaintiff subject to consideration by this court is insufficient to satisfy Plaintiffs burden. Much of Plaintiff's evidence is inadmissible.[4] Any evidence remaining for the Court to consider lacks sufficient weight to support a Judgment in favor of Plaintiff.

## II.
## THE MOTION FOR SUMMARY JUDGMENT IS PREMATURE

Federal Rule of Civil Procedure Rule 56(f) provides:

> When Affidavits are Unavailable. Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the

---

[1] The ultimate determination of whether a particular negligent act is the proximate cause of a resulting injury is a question of fact for the jury. *Doggett v. United States*, 875 F.2d 684, 692 (9th Cir. 1989)
[2] Defendant respectfully request that the Court take Judicial Notice of the pleadings and papers on file.
[3] Although depositions have been scheduled, none have actually occurred. The Parties have cooperated in scheduling of depositions. No dilatory motive should be imbued to either party.
[4] Please see Motion to Strike Evidence filed concurrently with this opposition.

2

court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Although this case was filed at the end of last year, the proceedings are at an early stage. No depositions have taken place nor have expert disclosures. Essential evidence has yet to be discovered. Please see Declaration of Alfred Yue filed concurrently with this opposition. *Inter alia,* expert opinion is necessary to the determination of the proximate cause of Mrs. Santos' injuries. The Plaintiff brings this motion for summary judgment prematurely. When a party is unable to present facts by affidavit which are essential to support its opposition to summary judgment, the court may properly refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions taken. Com. R. Civ. Pro. 56(f). Here, as set forth in the Declaration of Alfred Yue, facts essential to the defense of this motion cannot be presented by affidavit. It will be necessary to establish these facts through discovery.

The rule's purpose:

> "is to provide an additional safeguard against an improvident or premature grant of summary judgment...." 10A C. Wright & A. Miller, Federal Practice and Procedure §2740 (West 1996). Accordingly, the courts apply the rule "with a spirit of liberality". Id. A Rule 56(f) declaration "need not contain evidentiary facts going to the merits of the case; rather, it is merely a sworn statement explaining why these facts cannot be presented". Id.

In cases like the one at bar, this court should freely grant Defendant's motion to continue this motion in order to allow full discovery to take place.

> "Where, however, a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, **district courts should grant any Rule 56(f) motion fairly freely**. See Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832, 846 (9th Cir. 2001) ("Although Rule 56(f) facially gives judges the discretion to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, **the Supreme Court has restated the rule as requiring, rather than merely permitting,** discovery 'where the non-moving party has not had the opportunity to discover information that is

3

essential to its opposition.' ") (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986)); see also Berkeley v. Home Ins. Co., 314 U.S. App. D.C. 358, 68 F.3d 1409, 1414 (D.C. Cir. 1995) (describing "the usual generous approach toward granting Rule 56(f) motions"); Wichita Falls Office Assoc. v. Banc One Corp., 978 F.2d 915, 919 n.4 (5th Cir. 1992) (Rule 56(f)-based "continuance of a motion for summary judgment for purposes of discovery **should be granted almost as a matter of course** unless the non-moving party has not diligently pursued discovery of the evidence" (internal quotation marks and citation omitted)); Sames v. Gable, 732 F.2d 49, 52 (3rd Cir. 1984) (same). Burlington Northern & Santa Fe Ry. Co. v. The Assiniboine, 323 F.3d 767, 773-774 (9th Cir., 2003) (Emphasis added)

The state of discovery in this case makes it especially appropriate to continue this hearing until meaningful discovery can take place.

### III.
### SUMMARY JUDGMENT SHOULD BE DENIED BECAUSE OF PLAINTIFFS' FAILURE TO MEET ITS BURDEN.

The Commonwealth Courts have set forth the elements of a negligence claim. "Negligence is a breach of a duty owed to another which breach proximately results in an injury and is the cause in fact of an injury to one for which the duty was owed". *Gower v. Commonwealth*, 3 CR 211 (Dist. Ct. App. Div. 1986); *San Nicolas v. Commonwealth*, 1 CR 144 (Dist. Ct. App. Div. 1981). As a general matter, summary judgment is not appropriate in negligence cases because the issue of proximate cause is one for the jury to decide. "The ultimate determination of whether a particular negligent act is the proximate cause of a resulting injury is a question of fact for the jury. *Doggett v. United States*, 875 F.2d 684, 692 (9th Cir. 1989). Therefore, summary judgment is denied as to this issue". *Grizzard v. Mogambo, Inc., Civ.* No. 95-0657 (Order Denying Elm's Inc's Motion for Summary Judgment). Commonwealth law is consistent with that of the Ninth Circuit "The existence and extent of a duty of care are questions of law but whether such a duty has been breached and whether proximate cause exists are questions for the fact finder, whose determination is binding on appeal unless clearly erroneous." *Foss v. United States*, 623 F.2d 104 (9th Cir. 1980). *Armstrong v.*

*United States*, 756 F.2d 1407, 1409 (9th Cir., 1985)  Therefore, without going further and based on the substantive law of the Commonwealth, summary judgment should be denied.

Assuming arguendo that the Court should decide the issues of breach of duty and/or proximate cause, it is clear that Plaintiff has failed to show the absence of a genuine issue of material fact as to whether the lack of a handrail on the stairway was the proximate cause of Mrs. Santos' injuries or whether Tinian Dynasty breached its duty of care.

Proximate cause is the legal cause of an injury and an essential element of negligence. The Commonwealth Superior Court has defined proximate cause as follows:

> "In addition, under common law a person who has sustained injuries due to the negligent conduct of another may recover from the tortfeasor, provided that the negligent behavior was the proximate cause of the injuries suffered. *Baker v. City of Garden City*, 731 P.2d 278 (Kan. 1987); *Petersen v. State*, 671 P.2d 230 (Wash. 1983); Restatement (Second) of Torts § 281 (1965). The "proximate cause" of an accident is any direct and immediate cause without which the accident would not have occurred. *Sumner v. Amacher*, 437 P.2d 630 (Mont. 1968). Said another way, the conduct is not a proximate cause of plaintiff's injury if an event would have occurred regardless of defendant's conduct. *Litts v. Pierce County*, 515 P.2d 526 (Wash. Ct. App. 1973)." *Basaldua v. Hobie Cat Company*, Civ. No. 94-0487, (Order Granting Motion to Dismiss) September 11, 1996.

Here, the plaintiff has not shown an absence of material fact as to proximate cause. The only evidence relating to the cause of Mrs. Santos fall comes from her own declaration which states that "[a]s I was walking down the stairs, I began to lose my footing and reached for a handrail to steady myself. There was no handrail and as a consequence, I fell and broke my leg." What caused Mrs. Santos to lose her footing? Was she exercising due care? Was her footwear in good and safe condition? Would she have fallen even if there was a handrail? In sum, what was the proximate cause of her fall? This is for the jury to decide.

Did Tinian Dynasty Breach its duty of care? This question presents a genuine issue of material fact. Restatement (Second) of Torts § 343A(1) (1965) which states that a:

> "possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness."

Section 343A also defines a dangerous condition as "obvious" where "both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment." Restatement (Second) of Torts § 343A cmt. 1(b). In light of the evidence before this court, there is a genuine issue of material fact as to whether Mrs. Santos was aware of the absence of the handrail. In *Van DeVeer*, the court found that the plaintiff was aware that the stairs had no handrail. *Van DeVeer*, 101 S.W.3d at 884. Was Mrs. Santos aware that the stairs had no handrail? This question presents a genuine issue of material fact. In sum, Plaintiff has failed to meet her burden and Summary Judgment should be denied.

## IV.
## PLAINTIFFS PRESENTED NO DIRECT EVIDENCE OF A BUILDING CODE VIOLATION.

Plaintiffs do not offer this court evidence in the form of affidavit or otherwise that defendant Tinian Dynasty violated the Building Code. Dr. Firestone's declaration merely recites his measurements of the stairs and states that the stairs were without handrails. The Plaintiff wishes this Court to infer that there was a building code violation. But, inferences must be drawn in favor of the non-moving party. Under summary judgment standard, evidence of non-movant is to be believed and all justifiable inferences are to be drawn in his favor. *Mallinckrodt Inc. v Masimo Corp.* (2003, CD Cal) 293 F Supp 2d 1102. Thus, it would be improper for this court to infer that Tinian Dynasty violated the building code. Furthermore, Tinian Dynasty has submitted evidence in the form of Alfred Yue's declaration showing that the Tinian Dynasty: (1) has never been cited for a building

code violation relating to the absence of a handrail on the stairway that is the subject of this lawsuit; (2) was issued a certificate of occupancy for the Hotel that was valid at all times relevant to the instant complaint; (3) maintains policies and procedures for the safety and protection of our hotel guests to protect them from unreasonable risk of harm; and (4) Tinian Dynasty has no knowledge of anyone other than Mrs. Santos, ever falling on the stairway that is the subject of this lawsuit.

Assuming arguendo that Plaintiffs evidence has established a building code violation, Plaintiff has failed to produce any evidence that the violation was not excused. The Restatement (Second) of Torts § 288A provides that "an excused violation of legislative enactment of an administrative regulation is not negligence" It is the moving party's burden to prove the absence of excuse if they are to succeed in this motion. They have failed to produce any evidence on this issue and there motion must be denied.

## V.
## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court deny Plaintiffs' Motion for Partial Summary Judgment or continue this hearing to allow further discovery and briefing.

Dated this 28th day of July 2005.

_____
**COLIN M. THOMPSON, ESQ.**
Attorney for Century Insurance Co. Ltd
and Hongkong Ent. (Overseas) Investment, Ltd.