Colin M. Thompson, Esq.
Law Offices of Colin M. Thompson
J.E. Tenorio Building
PMB 917 Box 10001
Saipan, Mariana Islands 96950
Telephone: (670) 233-0777
Facsimile:  (670) 233-0776

F I L E D
Clerk
District Court

JUL 2 8 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

*Attorney for Century Insurance Company Ltd. and
Hongkong Entertainment (Overseas) Investment, Ltd.*

IN THE DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ELENITA S. SANTOS and ANGEL SANTOS </br></br>Plaintiffs, </br></br>vs. </br></br>HONGKONG ENTERTAINMENT (OVERSEAS) INVESTMENT LTD .dba, TINIAN DYNASTY HOTEL & CASINO and CENTURY INSURANCE CO., LTD. </br></br>Defendants. | Civil Action No. 04-0030 </br></br>OBJECTION TO AND MOTION TO STRIKE AFFIDAVIT OF DAVID BANES </br></br>Date  : August 11, 2005 </br>Time  : 8:00 a.m. </br>Judge : Tashima, Sr. Circuit Judge |

I.
INTRODUCTION

In support of Plaintiff Elenita Santos, Motion for Summary Judgment, Plaintiffs counsel, David Banes filed a declaration. Defendants, Century Insurance Co. Ltd. and Hongkong Entertainment (Overseas) Investment Ltd., hereby object to, and move to strike paragraphs 1 and 2 of Mr. Banes' declaration as well as the exhibits attached thereto.

Defendants Century Insurance Co. Ltd. and Hongkong Entertainment (Overseas) Investment Ltd. objection and motion to strike are based on Federal Rule of Civil Procedure Rule 56(e) and the Federal Rules of Evidence 801 and 901. This motion is also based on the fact that Plaintiff have yet

1

to designate their expert witnesses pursuant to Federal Rule of Civil Procedure 26(a)(2) and have not produced the expert reports required by Rule 26(a)(2). Defendants consequently have not been able to examine Plaintiff's expert reports and have not deposed Plaintiffs' experts. The time for designating Defendants' experts has yet to arrive. Defendants need time to consult with their expert witnesses in order to obtain evidence to counter the facts and inferences included in Plaintiff's declarations filed in support of her motion for partial summary judgment.

In support of her motion for Partial Summary Judgment, the Plaintiff, through counsel David Banes, filed a declaration only two paragraphs as follows:

- I attached as Exhibit A true and correct copies of Mrs Santos' medical records showing that a result of the accident is at issue here, she fractures her femur, had to undergo two surgeries to have different rods inserted into legs, stayed at the hospital for thirty days, and as the injury has not healed, has had to undergo continuing medical care.
- I attached as Exhibit B true and correct copy of Dr. Pamina Hofer's report detailing Mrs Santos' emotional trauma including of suicide caused by the accident and the continuing pain (24 hours a day, seven days a week) in her leg.

.

## II.
## ARGUMENT

As a general rule, federal courts discount the probative value of conclusory affidavits. *See e.g. American Passage Media Corp. v. Cass Communications, Inc.* (9th Cir.1985) 750 F.2d 1470,1473 (reversing a preliminary injunction order because the lower court made a clear error of judgment in finding that appellee had met its burden on basis of a conclusory affidavit without sufficient

supportive facts); *Claar v. Burlington N.R.R.* (9th Cir.1994) 29 F.3d 499 (district court properly excluded physician's affidavits since the affidavits were devoid of the reasoning and methods in supporting their conclusory statements in the affidavit).

Requiring an affidavit to contain facts supporting the conclusion therein is also true in the context of specific affidavits. For example, conclusory, non specific statements in an affidavit for a summary judgment proceeding under Rule 56(e), are not sufficient, and "missing facts" will not be "presumed." *Waste Action Project v. Clark County*, (9th Cir.1999) 45 F. Supp. 2d 1049, 1051; *See also In re Grand Jury*, (9th Cir. 1986) 799 F.2d 1321, 1326, (in the context of establishing a foundation for issuing a warrant, an affidavit containing conclusory statements is insufficient because if "any of the conclusions . . . were later proved wrong, it would be virtually impossible to establish that the affidavit was perjured"). Thus, the Court should strike Mr. Banes' opinions because they are conclusory and not supported by any facts.

Furthermore the documents attached to the declaration should be stricken. Supporting affidavits must be made on personal knowledge and within competency of affiant. *Mabey v Reagan* (1974, ND Cal) 376 F Supp 216. Hearsay statements by affiant cannot be considered with respect to motion for summary judgment under Rule 56(e). *Toensing v Brown* (1974, ND Cal) 374 F Supp 191, 88 BNA LRRM 2643, 75 CCH LC P 10473, affd (1975, CA9 Cal) 528 F2d 69. Where exhibits annexed to affidavit in support of motion for summary judgment consisted of copies of intradepartmental memoranda, copies of letters addressed to third persons by third persons, and copies of documents styled revocation notices addressed to third persons by third persons, none of which was authenticated, all of exhibits were hearsay. *United States v Dibble* (1970, CA9 Cal) 429 F2d 598. Interpretive Notes to USCS Fed Rules Civ Proc R 56.

For all of these reasons Defendant respectfully requests that the Court strike and not consider Mr. Banes' affidavit or the attached documents.

Respectfully submitted this 28th day of July, 2005.

_____
COLIN M. THOMPSON, ESQ.
Attorney for Century Insurance Company, Ltd. and
Hongkong Entertainment (Overseas) Investment, Ltd.