Clerk
District Court

AUG – 9 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

**DAVID G. BANES, Esq.**
**O'Connor Berman Dotts & Banes**
**Second Floor, Nauru Building**
**P.O. Box 501969**
**Saipan, MP 96950**
**Telephone No. (670) 234-5684**
**Facsimile No. (670) 234-5683**

**Attorneys for Plaintiffs Elenita A. and Angel C. Santos**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

|  |  |
|---|---|
| **ELENITA A. SANTOS and**<br>**ANGEL SANTOS,**<br><br>         **Plaintiffs,**<br><br>         **vs.**<br><br>**HONGKONG ENTERTAINMENT**<br>**(OVERSEAS) INVESTMENTS LIMITED**<br>**dba TINIAN DYNASTY HOTEL &**<br>**CASINO, and CENTURY INSURANCE**<br>**CO. LIMITED,**<br><br>         **Defendants.** | **CIVIL CASE NO. 04-0030**<br><br>**MEMORANDUM IN OPPOSITION OF**<br>**MOTION TO STRIKE AFFIDAVIT OF**<br>**DAVID BANES**<br><br>**Judge:  Tashima, Sr. Circuit Judge**<br>**Date:   August 11, 2005**<br>**Time:   8:00 a.m.** |

ORIGINAL

        This Court should deny Defendants' Motion to Strike Affidavit of David Banes.  This

Motion is entirely bereft of legal analysis involving the case at bar.  Additionally, the legal

propositions advanced in this memorandum, along with the cases used to support them, entirely

ignore the essential nature of this affidavit and its supporting documents.

        Therefore, the Court should deny this motion in its entirety.

**FACTS**

Along with their Opposition to Plaintiffs' Motion for Partial Summary Judgment, Defendants served upon Plaintiffs a new motion that seeks to strike the affidavit of David Banes filed with this Court to support Plaintiffs' Motion for Partial Summary Judgment ("the affidavit") and all of its attachments. The attachments to the affidavit consist of copies of certain medical records of Plaintiff Elentia A. Santos ("Mrs. Santos").

**1) The Assertions Of Mr. Banes Are Not Objectionable**

Mr. Banes has made similar representations as to each of the attachments in question. *See* Declaration of David G. Banes In Support of Motion for Summary Judgment previously filed with this Court. For each attachment, he represents, first, that each one is a true and accurate copy of a set of medical records. *Id.* Secondly, he provides a brief summary of the contents of each of these two attached documents. *Id.* That is all. He offers no opinion as to the veracity of the contents of these documents, but merely summarizes what they say. This declaration and its supporting documents are offered to prove one thing, and one thing only, ***that Mrs. Santos was, in fact, injured.***

**A) Expert Testimony Is Entirely Irrelevant Here**

Similar to their Opposition to Plaintiffs' Motion for Summary Judgment, Defendants make quite an issue out of the fact that expert witnesses have not been disclosed or deposed in order to object to the two assertions in the affidavit. *See* Defendants' Motion, pages 1-2. This focus, once again, ignores the limited nature of the instant Motion for Partial Summary Judgment. While Defendants do not come out and say it, they insinuate that Mr. Banes' declaration, and the medical records attached thereto, should be scrutinized by experts prior to

1  disposition of this summary judgment motion. If this motion were for summary judgment as to

2  all issues, this would be appropriate. However, ***this motion does not address, nor does it seek***

3  ***summary judgment on damages.*** This motion is concerned with neither the extent nor the

4
   nature of Mrs. Santos' injuries. All that is requested through this motion is that summary
5
6  judgment be granted ***as to the issue of liability.***

7

8     The notion that it takes expert testimony to look at these documents and recognize that

9  an injury has occurred is not flattering to the intelligence of all parties and this Court.

10

11     **B) Mr. Banes' Statements Are Not Conclusory**
12
       Defendants begin attacking the factual statements that Mr. Banes makes by saying they
13
14  are "conclusory." *See* Defendants' Motion to Strike at 2. Interestingly though, they never tell

15  this Court what a conclusory affidavit is, or even why the affidavit filed by Mr. Banes is one.

16  *Id.* Defendants' entire argument can be summarized as follows:

17           1) Conclusory affidavits are bad.

18           2) Mr. Banes' affidavit is conclusory.
19
             3) Therefore, Mr. Banes' affidavit is bad.
20
21  That is all. Defendants never bridge the gap. They never demonstrate what it is about Mr.

22  Banes' declaration that makes it conclusory. In and of itself, this failure to apply the law to the

23  facts of this case should deny Defendants their requested relief.

24

25     Furthermore, Defendants contention that this declaration contains "Mr. Banes' opinions"

26  once again ignores the substance of what Mr. Banes is testifying to. *See* Defendants' Motion at

27  3. Mr. Banes is not offering any opinion. He merely provides a factual summary of the attached
28

documents that any reasonable person could glean simply by reading them. It does not take an expert, nor is it conclusory, to read these documents and then testify that *these documents reflect certain facts.*

As a matter of fact, Defendants have done the very same thing. *See* Declaration of Alfred Yue ("Mr. Yue") filed with this Court to oppose Plaintiffs' Motion for Partial Summary Judgment. There, Mr. Yue (ostensibly after reading the report of Dr. Rafael Claudio) says that:

> [t]he initial opinion of Defendant's [sic] retained Orthopaedic expert, Dr. Rafael Claudio attributes much of the Plaintiff's injuries to subsequent treatment and there is a genuine issue about the proximate cause of her current condition.

*Id* at 2. It seems that Mr. Yue is providing a summary of what Dr. Claudio's report says. This is exactly what Mr. Banes' declaration does. *There is no difference.* Either Defendants have made the same mistake as Plaintiffs, or, more realistically, these types of declarations do not offer an opinion, are not conclusory and merely *recite a fact known to the affiant.*

Defendants must either concede that these statements by Mr. Banes are not conclusory, or withdraw Mr. Yue's specific declaration on the same grounds.

**2) The Documents Attached To This Affidavit Do Not Constitute Hearsay**

Furthermore, Defendants claim that the copies of medical records attached to this affidavit are hearsay. They are not. While it is true that hearsay testimony cannot be used to support a motion for summary judgment absent an exception to the rules, and that any attachments constituting hearsay must also be ignored,[1] *the hearsay status of the statements*

---

[1] *See* Defendants' Motion at 3.

*must first be established.* Simply calling something "hearsay" does not necessarily make it so. In fact, many out of court statements are properly admissible as non-hearsay because they are offered to demonstrate something other than the truth of the matter asserted. Put simply, "the hearsay issue arises *only if* these documents are admitted for the truth of the matters contained therein (emphasis added)." *Kruse v. State of Hawaii*, 857 F.Supp. 741, FN 5 (D.Hawaii 1994) (the *Kruse* Court found that certain attachments to a motion for summary judgment were not hearsay as they were offered to prove a collateral matter, and like here, were not attempting to prove the truth of the matters asserted therein).

These documents were produced solely to demonstrate that Mrs. Santos has suffered some injury from her fall. The truth or falsity of the specific assertions made therein goes to a collateral matter *that has no bearing upon this partial motion for summary judgment.* Plaintiffs cannot emphasize enough that Defendants are introducing arguments and evidence that exceed the scope of this particular issue. Plaintiffs' motion is not called a Motion for *Partial* Summary Judgment for nothing.

**3) This Motion Is Simply An Argument For Arguments Sake**

Finally, this entire motion is absolutely moot. The affidavit in question was offered merely to illustrate that Mrs. Santos had suffered some injury. The Motion for Partial Summary Judgment did not address any issues as to amount or type of injury, and only asked this Court to adjudicate the question of liability. Furthermore, Defendants have admitted that "Mrs. Santos fell on a stairway at Tinian Dynasty" and *"that she was injured"* as a result of this fall. *See* Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment at 2. The entire substance of Mr. Banes' declaration has thus been rendered redundant by these admissions.

1   In fact, in light of these admissions, this has become a non-issue.   So much so that,

2   should this Court be concerned regarding the sufficiency of this affidavit, Plaintiffs would not be

3   opposed to withdrawing the affidavit and its supporting documents.

4

5                                      **CONCLUSION**

6       This Motion should be denied.   Defendants state conclusions of law without any analysis

7   of the facts of this particular case.   Additionally, were they to apply the facts of this case to the

8   law that they cite, Defendants would reach the inescapable conclusion that the affidavit in

9   question, when confined to its particular, intended use, is proper.   Finally, striking these

10  documents would have no effect on the pending Motion for Partial Summary Judgment and this

11  Motion to Strike is an unnecessary waste of time and energy for all parties concerned.

12

13

14

15  Dated: August 8th, 2005                         Respectfully submitted,

16                                          O'CONNOR BERMAN DOTTS & BANES
17                                          Attorney for Plaintiffs Elenita and Angel Santos

18

19                                          By:

20                                              DAVID G. BANES

21

22

23

24

25

26

27

28