FILED
Clerk
District Court

AUG 1 1 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

DAVID G. BANES, Esq.
O'Connor Berman Dotts & Banes
Second Floor, Nauru Building
P.O. Box 501969
Saipan, MP 96950
Telephone No. (670) 234-5684
Facsimile No. (670) 234-5683

Attorneys for Plaintiffs Elenita A. Santos and Angel C. Santos

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ELENITA A. SANTOS and ANGEL C. SANTOS, <br><br> Plaintiffs, <br><br> vs. <br><br> HONGKONG ENTERTAINMENT (OVERSEAS) INVESTMENTS LIMITED dba TINIAN DYNASTY HOTEL & CASINO, and CENTURY INSURANCE CO. LIMITED, <br><br> Defendants. | CIVIL CASE NO. 04-0030 <br><br> PLAINTIFFS' SECOND AMENDED COMPLAINT |

Plaintiffs Elenita A. Santos and Angel C. Santos, by and through counsel, hereby allege, as follows:

**JURISDICTION AND VENUE**

1. This Court has diversity jurisdiction under 28 U.S.C. Section 1332 as this matter involves citizens of different states and the matter at issue is more than $75,000.00. The Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

ORIGINAL

2. Venue is proper in this Court under 28 U.S.C. §1391(a). The Defendants reside in the Commonwealth of the Northern Mariana Islands ("CNMI") or have transacted their affairs in the CNMI. Additionally the facts giving rise to this lawsuit occurred within this District.

**PARTIES**

3. Plaintiff Elenita A. Santos ("Mrs. Santos") is an individual and a citizen of the United States of America currently residing in the Territory of Guam.

4. Plaintiff Angel C. Santos ("Mr. Santos") is an individual and a citizen of the United States of America currently residing in the Territory of Guam.

5. At all times relevant to this action, the Plaintiffs were, and are, husband and wife.

6. Defendant Hongkong Entertainment (Overseas) Investments Limited dba Tinian Dynasty Hotel & Casino, ("Tinian Dynasty"), on information and belief, is a domestic corporation doing business in the Commonwealth of the Northern Mariana Islands. At all times relevant to this complaint, Tinian Dynasty operated a hotel located in Tinian. At all times relevant to this complaint, Tinian Dynasty owned the ground lease upon which the hotel is built. Upon information and belief, Tinian Dynasty's principal place of business is within the Commonwealth.

7. Defendant Century Insurance Co. Ltd., ("Century Insurance") on information and belief, and at all times herein mentioned, is a liability insurance carrier, duly authorized and licensed to issue liability insurance policies in the Commonwealth of the Northern Mariana

Islands. Upon information and belief, Century Insurance's principal place of business is within the Commonwealth.

## FACTS

8.  At all times mentioned in this Complaint, Tinian Dynasty, located in Tinian, was owned, managed and /or operated by Hongkong Entertainment (Overseas) Investments Limited.

9.  Defendant Tinian Dynasty invited the general public, including Mrs. Santos, to enter the premises of the hotel to walk about, stay in the hotel rooms, eat in the restaurant, or play in the casino.

10. On or about January 30, 2004, Mrs. Santos was a guest at the Tinian Dynasty and was walking down the stairs in the hotel near the swimming pool (the "stairs").

11. As Mrs. Santos was descending the stairs, she slipped and fell down.

12. The fall caused Mrs. Santos to suffer severe injuries, including, without limitation, a fractured thigh bone, sprained ankle, and severe pain. Mrs. Santos also suffered and continues to suffer tremendous mental pain and anguish.

13. Mrs. Santos was transported to the Tinian Health Center by ambulance where she was examined and x-rayed. Mrs. Santos was then transported by helicopter to Saipan, and then by ambulance to the Commonwealth Health Center ("CHC").

14.     At this time, the CHC physicians discovered, among other injuries, that her right femur was fractured and that the severity of the injury necessitated surgery.

15.     After surgery, Mrs. Santos suffered additional complications resulting from the surgery.

16.     Mrs. Santos' injuries required physical therapy and medical attention for several months.

## FIRST CAUSE OF ACTION
## NEGLIGENCE

17.     Plaintiffs repeat and reallege, and incorporate herein by reference, each and every allegation contained in paragraph 8 through 16.

18.     Defendant Tinian Dynasty had a duty to maintain its premises in a reasonably safe condition that would allow people including, without limitation, hotel guests and other invitees to safely walk about the premises of the hotel.

19.     Defendant Tinian Dynasty breached this duty by, *inter alia*:

a)      Negligently and carelessly failing to install appropriate hand rails and/or other appropriate safety devices for the stairs with a wanton and reckless disregard for the safety of people using the stairs including Mrs. Santos;

b)      Failing to warn Mrs. Santos of the danger presented by the unsafe condition of the stairs;

c)      Failing to install a nonslip surface on the stairs; and/or

d)   Failing to clean, dry and/or otherwise maintain the stairs in a reasonably safe condition.

20.   Defendant Tinian Dynasty also failed to otherwise exercise due care with respect to the matters alleged in this Complaint.

21.   Defendant Tinian Dynasty's breach of the duty owed to Mrs. Santos caused the stairs to be unreasonably dangerous for her use.

22.   As a direct and proximate result of the negligence of the Defendant Tinian Dynasty as set forth above, Mrs. Santos slipped and fell while descending the stairs.

23.   As a further direct and proximate result of the negligence of Defendant as set forth above, Mrs. Santos was severely injured and her general health impaired. The injuries caused by the fall, and the surgery and complications arising therefrom caused Mrs. Santos to suffer tremendous mental pain and anguish, as well as suffering a severe shock to her entire system. As a further result of her injuries, Mrs. Santos has been and is now and will be in the future prevented from participating in and enjoying the normal pleasures of life to which she was formerly accustomed. Moreover, Mrs. Santos presently and in the future will continue to suffer physical pain and mental anguish and will continue to incur medical, hospital and related expenses.

24.   By failing to make sure the stairs complied with the CNMI Building Code or otherwise were safe for guests such as Mrs. Santos, Defendant Tinian Dynasty acted with a wanton or reckless disregard for the safety and well-being of its guests including Plaintiff Mrs. Santos.

25. Accordingly, Mrs. Santos has sustained and incurred damages in an amount according to proof at trial.

## SECOND CAUSE OF ACTION
## DIRECT ACTION

26. Plaintiffs repeat and reallege, and incorporate herein by reference, each and every allegation contained in paragraph 8 through 16, and 18 through 25 above.

27. At all times mentioned herein, Defendant Tinian Dynasty was insured by a liability insurance policy issued by Defendant Century Insurance Co. Ltd., covering liability and damages caused by its negligence and that of its employees.

28. Pursuant to the coverage contained in the said policy and pursuant to the laws of the Commonwealth of the Northern Mariana Islands, Plaintiffs brings this direct action against Defendant Century Insurance Co., Ltd., for Plaintiffs' damages in an amount according to proof at trial.

## THIRD CAUSE OF ACTION
## LOSS OF CONSORTIUM

29. Plaintiffs repeat and reallege, and incorporate herein by reference, each and every allegation contained in paragraphs 8 through 16, 18 through 24 and 26 through 27 above.

30. Before suffering the above-described injuries, Mrs. Santos was able to, and did, perform all the duties of a wife, including in assisting in maintain the home, and providing love, companionship, affection, society, sexual relations, moral support and solace to Plaintiff Mr. Santos.

31. As a direct and proximate result of the above-described injuries, Mrs. Santos has been unable to perform the duties of a wife, in that she can no longer assist with the housework, provide love and physical and emotional affection, participate in family, recreational or social activities with Mr. Santos.

32. Due to the nature and extent of the injuries sustained by Mrs. Santos, and the severe physical and psychological strains they cause her, Mrs. Santos is no longer able to provide Mr. Santos with love, companionship, affection, society, moral support and solace.

33. Because of the above-described injuries, Mrs. Santos will be unable to perform these duties in the future. Mr. Santos is therefore deprived and will be permanently deprived of his wife's consortium, all to Mr. Santos' damage in a total amount to be established by proof at trial.

**PRAYER**

WHEREFORE, Plaintiffs pray for relief as follows:

i. For general, special, statutory and punitive damages in an amount to be proven at trial.
ii. For prejudgment interest as allowed by law.
ii. For attorney fees and costs of suit.
iv. For such other and further relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial with respect to all issues so triable.

Dated: August 11, 2005.    O'CONNOR BERMAN DOTTS & BANES
Attorney for Plaintiffs Elenita A. Santos and
Angel C. Santos

By: _____
    David G. Banes