Case 1:04-cv-00030  Document 72  Filed 08/29/2005  Page 1 of 3

FILED
Clerk
District Court

AUG 29 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Colin M. Thompson, Esq.
Law Offices of Colin M. Thompson
J.E. Tenorio Building
PMB 917 Box 10001
Saipan, Mariana Islands 96950
Telephone: (670) 233-0777
Facsimile: (670) 233-0776

*Attorney for Hongkong Entertainment Investment. Ltd. and Century Insurance Company Ltd.*

IN THE DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ELENITA S. SANTOS and ANGEL SANTOS,<br><br>Plaintiffs,<br><br>vs.<br><br>HONGKONG ENTERTAINMENT (OVERSEAS) INVESTMENT LTD .dba, TINIAN DYNASTY HOTEL & CASINO and CENTURY INSURANCE CO., LTD.<br><br>Defendants. | Civil Action No. 04-0030<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR A PROTECTIVE ORDER<br><br>Date : SEP - 1 2005<br>Time : 9:00 a.m.<br>Judge : Hon. Alex R. Munson |

## INTRODUCTION

Defendants Hongkong Entertainment Investment Ltd. and Century Insurance Co., Ltd. hereby request that the Court enter a Protective Order prohibiting the depositions of Hongkong Entertainment Investment Ltd and Century Insurance Co., Ltd.

## FACTUAL BACKGROUND

Plaintiffs served deposition notices on defendants after the Court ordered deadline for the service of discovery. (See Declaration of Counsel filed in support of this motion). The Parties have in the past entered two stipulations to extend the time for discovery and other events covered by the case management order. However, the trial date remains as originally set. Given the approaching

1

trial deadline and the amount of expert discovery still required before the October 11, 2005 trial, defendants rely on the limits of discovery allowable under the Court order.

Furthermore, recent events have complicated the landscape in this case. On June 23, 2005 Plaintiff was granted leave to file an Amended Complaint joining her husband, Angel Santos. On June 30, 2005, Defendant filed a Motion to File Third Party Complaint which will be heard on September 1, 2005. On July 15, 2005, Plaintiffs filed a Motion to Amend the First Amended Complaint. On August 11, 2005, Plaintiffs Second Amended Complaint was filed and Defendants Answer is due on August 29, 2005. Plaintiffs submitted their expert disclosures on August 15, 2005 and Defendant's expert disclosures are due on September 15, 2005. In sum, the case has become more complex and expert discovery is still outstanding. The trial date is near and Defendants will be prejudiced if required to attend to their depositions in addition to the other discovery requirements, all before the trial set just a little more that one month away.

## LEGAL DISCUSSION

Federal Rule of Civil Procedure 26 provides, in pertinent part:

> Upon motion by a party or by the person from whom discovery is sought, . . . and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: FED R. CIV. P. 26(c).

> The burden is on the person seeking the protective order to demonstrate good cause. *Wilson v. Olathe Bank*, 184 F.R.D. 395, 397 (D.Kan. 1999). "On a motion for protective order, the court should balance the costs and burdens to each side." *Benchmark Design, Inc. v. BDC, Inc.*, 125 F.R.D. 511, 512 (D.Ore. 1989). "A district court has wide discretion to establish the time and place of depositions." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994)

Given the brief time remaining in this case, it will prejudice defendants to prepare for and attend their depositions given the other discovery still outstanding. The fact that the notices of deposition were served after the date designated in the case management conference order is a sufficient basis to establish good cause to support the granting of this motion. In a case where Plaintiffs served Requests for Admission thirty days after the expiration of the Court ordered discovery cut-off, the court held that good cause existed for the granting of a protective order.

> the court concludes that in light of the language of Rule 26, which provides that "parties may obtain discovery by one or more of the following methods: . . . requests for admission[,]" Fed. R. Civ. P. 26(a)(5), as well as the scheduling order of this court, and also taking into account the plaintiff's failure to move the court for additional time in which to serve, and have the defendants respond to, the aforementioned requests for admission, requests for admission should be treated as discovery devices for the purposes of the scheduling order. *Joseph L. v. Conn. Dep't of Children & Families*, 225 F.R.D. 400, 402 (D. Conn. 2005)

Respectfully, this Court should also find that good cause exists in the instant case and grant Defendants' motion for a protective order.

## CONCLUSION

For the reasons set forth herein, Hongkong Entertainment Investment Ltd. and Century Insurance Co., Ltd. respectfully request that the Court enter a protective order prohibiting the depositions of Hongkong Entertainment Investment Ltd. and Century Insurance Co., Ltd.

Respectfully submitted this 27th day of August, 2005.

_____
COLIN M. THOMPSON, ESQ.
Attorney for Century Insurance Company, Ltd. and
Hongkong Entertainment (Overseas) Investment, Ltd.