Colin M. Thompson, Esq.
The Law Offices of Colin M. Thompson
J.E. Tenorio Building
PMB 917, Box 10001
Saipan, Mariana Islands 96950
Telephone: (670) 233-0777
Facsimile:  (670) 233-0776

*Attorney for Century Insurance Company Ltd.*
*and Hongkong Entertainment (Overseas) Investment Ltd.*

Clerk
District Court

AUG 29 2005

For The Northern Mariana Islands
By_____
        (Deputy Clerk)

IN THE DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ELENITA S. SANTOS and ANGEL SANTOS<br><br>  Plaintiff,<br><br>vs.<br><br>HONGKONG ENTERTAINMENT (OVERSEAS) INVESTMENT LTD .dba, TINIAN DYNASTY HOTEL & CASINO and CENTURY INSURANCE CO., LTD.<br><br>  Defendants. | Civil Action No. 04-0030<br><br>DEFENDANTS ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT |

**COMES NOW**, Defendants Hongkong Entertainment (Overseas) Investment Ltd and Century Insurance Co., Ltd. through their attorney of record to answer the Complaint as follows.

1.  Answering Defendants admit each and every allegation contained in paragraph number 1 of the Complaint.

2.  Answering Defendants admit each and every allegation contained in paragraph number 2 of the Complaint.

3.  Answering Defendants lack sufficient information to form a belief as to the truth of paragraph 3 of Plaintiff's Complaint and placing its denial on the ground, denies the allegations and each of them and requires strict proof thereof.

4. Answering Defendants lack sufficient information to form a belief as to the truth of paragraph 4 of Plaintiff's Complaint and placing its denial on that ground, denies the allegations and each of them and requires strict proof thereof.

5. Answering Defendants lack sufficient information to form a belief as to the truth of paragraph 5 of Plaintiff's Complaint and placing its denial on that ground, denies the allegations and each of them and requires strict proof thereof.

6. Answering Defendants admit each and every allegation or statement contained in paragraph 6 of the Complaint.

7. Answering Defendants admit each and every allegation or statement contained in paragraph 7 of the Complaint.

8. Answering Defendants admit each and every allegation contained in paragraph number 8 of the Complaint.

9. Answering Defendants admit each and every allegation contained in paragraph number 9 of the Complaint.

10. In answering paragraph 10, Answering Defendants, admit that on or about January 30, 2004, Mrs. Santos was a guest at the Tinian Dynasty. Except as expressly admitted, Answering Defendants deny each and every allegation and statement contained in the paragraph 10.

11. In answering paragraph 10, Answering Defendants, admit that Mrs. Santos was descending the stair. Except as expressly admitted, Answering Defendants deny each and every allegation and statement contained in the paragraph 11.

12. Answering Defendants deny each and every allegation or statement contained in paragraph 12 of the Complaint.

13. Answering Defendants admit each and every allegation contained in paragraph number 13 of the Complaint.

14. Answering Defendants admit each and every allegation contained in paragraph number 14 of the Complaint.

15. Answering Defendants admit each and every allegation contained in paragraph number 15 of the Complaint.

16. Answering Defendants deny each and every allegation contained in paragraph number 16 of the Complaint.

17. In answering the allegations in paragraph 17, Answering Defendants incorporate by reference each and every admission and denial contained in paragraph 1-16 of Answering Defendant's answer.

18. Answering Defendants admit each and every allegation contained in paragraph number 18 of the Complaint.

19. Answering Defendants deny each and every allegation or statement contained in paragraph 19 of the Complaint.

20. Answering Defendants deny each and every allegation or statement contained in paragraph 20 of the Complaint.

21. Answering Defendants deny each and every allegation or statement contained in paragraph 21 of the Complaint.

22. Answering Defendants deny each and every allegation or statement contained in paragraph 22 of the Complaint.

23. Answering Defendants deny each and every allegation or statement contained in paragraph 23 of the Complaint.

24. Answering Defendants deny each and every allegation or statement contained in paragraph 24 of the Complaint.

25. Answering Defendants deny each and every allegation or statement contained in paragraph 25 of the Complaint.

26. In answering the allegations in paragraph 26, Answering Defendants incorporate by reference each and every admission and denial contained in paragraph 1-25 of Answering Defendants' answer.

27. In answering paragraph 27, Answering Defendants, admit that Tinian Dynasty was insured by a liability insurance policy issued by Defendant Century Insurance Co., Ltd. Except as

expressly admitted, Answering Defendants deny each and every allegation and statement contained in the paragraph 27.

28. Answering Defendants lack sufficient information to form a belief as to the truth of paragraph 28 of Plaintiff's Complaint and placing its denial on that ground, denies the allegations and each of them and requires strict proof thereof.

29. In answering the allegations in paragraph 29, Answering Defendants incorporate by reference each and every admission and denial contained in paragraph 1-28 of Answering Defendants' answer.

30. Answering Defendants deny each and every allegation or statement contained in paragraph 30 of the Complaint.

31. Answering Defendants deny each and every allegation or statement contained in paragraph 31 of the Complaint.

32. Answering Defendants deny each and every allegation or statement contained in paragraph 32 of the Complaint.

33. Answering Defendants deny each and every allegation or statement contained in paragraph 33 of the Complaint.

## GENERAL DENIAL

Except for those facts expressly admitted, Answering Defendants generally deny all allegations in the Complaint.

## AFFIRMATIVE DEFENSES

1. As a First Affirmative Defense, Plaintiffs fail to state a claim upon a relief can be granted.

2. As a Second Affirmative Defense, Plaintiffs' claims are barred by Waiver.

3. As a Third Affirmative Defense, Plaintiffs' claims are barred by Estoppel

4. As a Fourth Affirmative Defense, Plaintiffs' claims are barred by Unclean Hands

5. As a Fifth Affirmative Defense, Plaintiffs' claims are barred by Laches

6. As a Sixth Affirmative Defense, Plaintiffs' claims are limited because Plaintiff has not suffered damage or because of Plaintiff's failure to mitigate damages.

7. As a Seventh Affirmative Defense, Plaintiffs' alleged injuries and damages were caused by their own negligent actions or omissions.

8. As an Eight Affirmative Defense, Plaintiffs' claims are bared or limited by the doctrine of Comparative fault.

**WHEREFORE, DEFENDANT PRAYS THAT:**

1. Plaintiff takes nothing by its complaint;

2. Answering Defendant be awarded costs of this action and reasonable attorneys fees;

3. For such further relief as the Court deems just and proper.

Dated this 29th day of August 2005

_____
COLIN M. THOMPSON
Attorney at Law