F I L E D
Clerk
District Court

AUG 3 0 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

DAVID G. BANES, Esq.
O'Connor Berman Dotts & Banes
Second Floor, Nauru Building
P.O. Box 501969
Saipan, MP 96950
Telephone No. (670) 234-5684
Facsimile No. (670) 234-5683

Attorneys for Plaintiffs Elenita A. and Angel C. Santos

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ELENITA A. SANTOS and ANGEL SANTOS, | CIVIL CASE NO. 04-0030 |
| Plaintiffs, | MEMORANDUM IN OPPOSITION OF MOTION FOR PROTECTIVE ORDER AND IN SUPPORT OF CROSS-MOTION FOR PROTECTIVE ORDER |
| vs. | |
| HONGKONG ENTERTAINMENT (OVERSEAS) INVESTMENTS LIMITED dba TINIAN DYNASTY HOTEL & CASINO, and CENTURY INSURANCE CO. LIMITED, | Judge: Hon. Alex R. Munson<br>Date: September 1, 2005<br>Time: 9:00 a.m. |
| Defendants. | |

This Court should deny Defendants' Motion for a protective order. Defendants are seeking to rely upon their own lack of any meaningful effort to engage in discovery to prevent Plaintiffs from conducting arguably the most important depositions in this case, those of Defendants themselves. Additionally, while Defendants claim that they cannot prepare for their own deposition at this time, they fully expect Plaintiffs to be available for their depositions. Defendants also hope to rely on a technicality to stop Plaintiffs from being able to depose Defendants. Well arguably the same technicality applies to Defendants' hoped for deposition of Plaintiffs.

Therefore, the Court should deny this motion in its entirety, or, in the alternative, grant Plaintiffs an identical Protective Order.

## FACTS

The recitation of events contained in the "Factual Background" section of Defendants' memorandum in support of this Motion for a Protective Order begins *in medias res* and therefore presents a version of the facts that very much favors Defendants. If, however, one steps back and to take a look at the entire history of these depositions, Defendants are exposed as the architects of the very situation that which they now claim will cause them immeasurable prejudice.

**Plaintiffs Have Been Trying To Take These Depositions For *Over Five Months***

This tortured tale begins on March 14, 2005 when Plaintiff Elentia Santos ("Mrs. Santos") requested, through counsel, for an appropriate date upon which the deposition of Defendant Tinian Dynasty Hotel and Casino ("Tinian Dynasty") could be taken (a copy of this request is attached as "Exhibit A" to counsel's declaration). Having received no firm dates upon which such a deposition could have been taken, counsel for Mrs. Santos again contacted defense counsel on April 25, 2005 and asked for an appropriate date, and furthermore, offering that once such a date was chosen, to forward a Rule 30 (b)(6) Notice of the topics upon which Tinian Dynasty would be deposed. *Id.* Exhibit B.

Again, Plaintiff received no response.

On April 28, 2005, while writing to defense counsel on another discovery matter, Plaintiffs' counsel once more requested a date "when [they] could depose Tinian Dynasty." *Id.* "Exhibit C". By this time, however, the parties had exchanged interrogatories and requests for production of documents and a dispute arose as to Defendants' responses to Plaintiff's requests.

By this time, it had become clear to Plaintiff that before a meaningful deposition of Tinian Dynasty could be conducted, disputed issues involving responses to these discovery requests had to be resolved. So, on May 4, 2005, counsel for Plaintiffs contacted defense counsel to meet and confer in an attempt to reach an accord as to new dates for discovery and expert disclosure. While Defendants agreed to meet, despite repeated requests to do so refused to commit to a specific date regarding discovery and Plaintiffs depositions. *See* Banes Decl. para. 3, Exhibit D.

Plaintiffs repeatedly wrote to Defendants stating that they could not depose Defendants until they got adequate responses to the outstanding discovery requests. Defendants still refused to commit to a specific date for the meet-and-confer, or Tinian Dynasty's deposition.[1] *Id.* at paras. 3 and 4, Exhibits F, G and H.

**Finally, A Date Is Set, But…**

On July 12, 2005, Plaintiffs' counsel suggested to defense counsel that the 29th of July would be an appropriate date for deposition of Tinian Dynasty (a copy of this letter is attached as "Exhibit G" to Banes Decl.). Defendants agreed. Unfortunately, despite numerous requests by Plaintiffs to meet and confer, the discovery disputes that necessitated the previous delays were not resolved. Therefore, to counsel's best recollection, the parties' agreed that the deposition of Tinian Dynasty should be continued until after these discovery requests were resolved. *Id.* at para. 5. Relatedly, the Complaint was amended to include Mrs. Santos' husband as a party on or about June 23, 2005 and a punitive damage claim was added.

---

[1] Plaintiffs provisionally agreed to depose Defendant Century Insurance only if necessary after the deposition of Defendant Tinian Dynasty.

Although the Court set August 1 for the deadline for filing discovery, as explained *infra* counsel reasonably believed the parties had a working agreement that each party could depose the other despite the deadline. *See* Banes' Decl. paras. 7-8.

Hearing nothing further from Defendants as to a firm date to meet-and-confer, Plaintiffs filed their Notices of Deposition on August 11 and 12, 2005. However, it was not until August 25, 2005 that counsel was able to finally meet and confer with Defendants. Due to a misunderstanding, it was only upon the filing of Defendants' Motion that Plaintiffs understood Defendants would not agree to be deposed at all.

**ARGUMENT**

Defendants should not be allowed to rely upon their own dilatory conduct of discovery to deny Plaintiffs the opportunity to depose them.

**Defendants Have Not Adequately Complied With The Requirements Of Rule 26(c).**

Defendants have not fully met with the threshold requirement to "meet and confer" with opposing counsel prior to filing this motion. Prior to involving the Court in such a way, any party must first attempt to resolve the disputed issue directly with the opposing party. To that end, each Motion for a Protective Order brought pursuant to Rule 26(c) must be:

> accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.

Fed. R. Civ. P. 26(c). While this Motion was accompanied by a declaration by defense counsel Colin M. Thompson, it *contained no mention of any attempt to meet and confer.* In fact, no

meaningful attempt was made.² *See* Declaration of David G. Banes, a copy of which has been filed separately with this Court.

**And Claim Prejudice For Their Own Delay.**

More substantially, Defendants sole "evidence" of prejudice is their bald assertion that they are now do not have enough time to adequately prepare for the depositions. *See* Defendants' Memorandum in Support of this Motion at 3. Defendants have delayed their own deposition for ***over 160 days*** and now say that a "time crunch" is grounds to deny the Plaintiffs their chance to depose them. To allow Defendants to sit on their hands in such a manner and then lay the blame at the feet of Plaintiffs would result in the gross inequity of a diligent party being unable to conduct the deposition of a dilatory party.

Indeed, the parties agreed to depose Defendants on July 29, 2005 (before the filing deadline) but the deposition was continued as the parties had yet to resolve the dispute as to Defendants' discovery requests. As Defendants had not yet deposed Plaintiffs, Mr. Santos had recently been added as a party together with a claim for punitive damages, discovery was pending as to Defendant Tinian Dynasty's financial status, counsel reasonably believed the parties had an agreement that each could be deposed by the other despite the filing deadline (there is no cut off as to discovery itself).

Hence, Defendants are at best relying on a technical requirement to avoid a deposition that should have gone forward if Defendants had agreed to meet-and-confer prior to the August 1st deadline.

---

² During a meet-and-confer over other discovery issues, Defendants informed Plaintiffs that they would file a Motion for Protective Order and requested that Defendants therefore need not appear for their depositions. Defendants however never attempted to resolve the underlying issue. At the time Plaintiffs did not push the issue as counsel had misunderstood and thought Defendants were seeking a protection order only as to the issues of financial information, not that the depositions themselves could not proceed ever.

It should also be noted that the Case Management Order set a deadline for *filing* discovery requests, **not** a discovery deadline. It is therefore hard to conceive why a delay of even 11 days for *filing* the Notices of Depositions have somehow prejudiced Defendants. Certainly Defendants have not met their burden in explaining how this technical delay of 11 days for a deposition it knew for almost six months was coming has prejudiced them or prevented them from adequately preparing for the trial on October 11th.

**Alternatively, What's Good For The Goose…**

If this Court is so disposed as to grants Defendants' Motion for a Protective Order in light of the Notice for these depositions having been filed after the discovery cut-off date, Plaintiffs would move for a similar Protective Order. Defendants have not, yet still expect to, depose Plaintiffs. They have not, as of the filing of this Memorandum, formally filed an amended Notice of Deposition.[3] Therefore, the same "prejudice" that they claim as support for their Motion would support an identical motion on the part of Plaintiffs. More notably, however, is that Plaintiffs have *already appeared to have their deposition taken, but Defendants cancelled the event.* Defendants cannot have their cake and eat it to, so to speak. They should not be allowed to bar Plaintiffs from conducting their deposition, yet wait until after the discovery cut-off date to Notice the depositions of Plaintiffs and freely conduct them.

If this Court grants Defendants Motion, logic, equity and justice demand that it also grant that of Plaintiffs.

---

[3] Defendants did previously notice Plaintiffs' depositions; Plaintiffs duly flew from Guam and appeared for their depositions but Defendants chose not to take their deposition. *See* Banes Decl., para. __.

## CONCLUSION

This Motion should be denied. Defendants did not adequately met the technical requirements of Rule 26(c). Furthermore, they rely upon their own lack of diligence as the entire substantive basis for this Motion. In the alternative, should this Court grant this Motion, it should also grant a corresponding Motion for a Protective Order to prevent the deposition of Plaintiffs.

Dated: August 30, 2005

Respectfully submitted,

O'CONNOR BERMAN DOTTS & BANES
Attorney for Plaintiffs Elenita and Angel Santos

By: _____
DAVID G. BANES